UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIVIA SAOUD PORTELLA DA SILVA,

    Plaintiff,

v.

SIXT RENT A CAR, LLC,

    Defendant.

CIVIL ACTION NO.

**NOTICE OF REMOVAL**

Defendant, SIXT RENT A CAR, LLC ("SIXT"), pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, respectfully files this Notice of Removal giving notice it is removing this civil action to the United States District Court for the Middle District of Florida, Orlando, Division. In support of this Notice of Removal, Defendant states as follows:

**I.    PROCEDURAL HISTORY**

1. On or about February 8, 2022, Plaintiff Livia Saoud Portella Da Silva ("Plaintiff") filed a four-count Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, entitled *Livia Saoud Portella Da Silva v. SIXT RENT A CAR, LLC*, designated Case No. 2022-CA-1152-O (the "State Court Action"), wherein she asserts claims for breach of contract (Count I); *quantum meruit* (Count II); unjust enrichment (Count III); and FLSA unpaid wages violation

(Count IV).

2. On March 24, 2022, Defendant was served with a Summons and Complaint. A copy of the Complaint and Summons reflecting service, as well as true and legible copies of all other papers on file in the State Court Action, are attached hereto as **Exhibit A.**

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty-days (30) from the date on which the summons was served.

4. This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§1331 and1367(a).

## II. THIS ACTION IS WITHIN THE COURT'S JURISDICTION

### A. Venue

5. Venue is proper in this Court under 28 U.S.C. § 1391(b). The United States District Court for the Middle District of Florida, Orlando Division includes the judicial circuit in which Plaintiff filed her Complaint. Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

### B. Federal Question Jurisdiction

6. This action is within the original federal question jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a claim for unpaid wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq. See, e.g., Valdivieso v. Atlas Air, Inc.*, 128 F. Supp.

2d 1371, 1374 (S.D. Fla. 2001) (denying motion to remand and permitting the removal of an FLSA action because it was within the Court's federal question jurisdiction).

### C. Supplemental Jurisdiction Over State Law Claims

7. Further, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims which are determined to be related to federal law contained in Counts I through III of the Complaint because those claims arise out of a common nucleus of operative facts in relation to the federal law claims contained in Count IV of the Complaint and are so related that they form part of the same case or controversy.

8. Based on the allegations set forth in the Complaint, all of Plaintiff's claims arise from a common nucleus of facts concerning her alleged entitlement to certain payments which Plaintiff asserts Defendant did not pay her. Specifically, in Counts I through IV, Plaintiff incorporates the same set of operative facts contained in Paragraphs 1-22 of the Complaint, which generally allege that Plaintiff was not paid all commissions allegedly due to her. Thus, Plaintiff's state law claims and FLSA claim are premised on an identical set of facts and, thus, necessarily arise out of a common nucleus of facts with the federal FLSA claim. *See* Compl., at ¶¶ 23,26,32, 38.

9. Accordingly, Plaintiff's claims arise from a common nucleus of facts pertaining to Defendant's alleged failure to pay all wages due. *See Norris v. Lake Conway Landscaping of Orlando*, 2014 WL 5472522, at *2 (M.D. Fla. Oct. 22, 2014) (denying motion to remand and finding the plaintiff's FLSA and state law claims arose from a common nucleus of facts where they related to his employment, entitlement to certain wages, and termination). Given these common issues, if the federal and state law claims were tried in different courts there would be a risk of inconsistent factual findings.

10. Based on the foregoing, Plaintiff's state law claims are so related to the FLSA claims within this Court's original jurisdiction that they form part of the same case or controversy. *See Poleon v. Estes Express Lines*, 2015 WL 12916328, at *2 (M.D. Fla. Jan. 30, 2015) (concluding that plaintiff's FLSA and breach of oral contract claims were so related when the "[p]laintiff's FLSA and state law claims will involve many, if not all, of the same witnesses, presentation of the same evidence, and determination of the same or similar facts by the trier of fact").

11. Finally, Plaintiff's state law claims do not raise novel or complex issues of state law or predominate over the FLSA claims. *See* 28 U.S.C. § 1367(c); *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743-46 (11th Cir. 2006) (holding that district court abused its discretion when it dismissed supplemental jurisdiction claim absent a persuasive showing under § 1367(c)).

12. For all of those reasons, convenience, fairness, and judicial economy would be disserved if the parties were required to litigate Plaintiff's claims before two different courts. *See Holtzman v. B/E Aerospace, Inc.*, 2007 WL 3379763, at *4 (S.D. Fla. No. 14, 2007) (finding request to remand only some of the claims would "be wasteful of judicial resources, especially given the high likelihood that the Plaintiff will present the same evidence to prove its case in both proceedings").

13. Accordingly, this action is removable to this Court pursuant to the provisions of 28 U.S.C. §§ 1331, 1367(a) and 1441.

## III. **NOTICE AND TIMELINESS**

14. Finally, this Notice of Removal has been given to Plaintiff and has been filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, within thirty days of the date service was deemed effected and is therefore timely according to 28 U.S.C. § 1446. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit B.**

15. The required filing fee of $402.00 and an executed civil cover sheet accompany this Notice.

WHEREFORE, Defendant respectfully removes this action, pending in the Ninth Judicial Circuit Court of Orange County, Florida to the United States District Court in the Middle District Court of Florida, Orlando Division.

Dated: April 13, 2022

Respectfully submitted,

*/s/ Kimberly R. Rivera*

Jessica T. Travers, Bar No. 18129
Email:  jtravers@littler.com
Kimberly R. Rivera, Bar No. 124822
Email:  krivera@littler.com

LITTLER MENDELSON, P.C.
111 North Orange Avenue
Suite 1750
Orlando, FL  32801.2366
Telephone:    407.393.2900
Facsimile:    407.393.2929

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this this 13th day of April 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Kimberly R. Rivera*
Kimberly R. Rivera

## **SERVICE LIST**

Anthony M. Georges-Pierre, Esq.
Email: agp@rgpattorneys.com
Max L. Horowitz, Esq.
Email: Mhorowitz@rgpattorneys.com
Jorge L. Costa, Esq.
Email: Jcosta@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130

4883-3145-6795.1 / 100670-1020