IN THE CIRCUIT COURT OF THE
                                                        9TH JUDICIAL CIRCUIT, IN AND FOR
                                                        ORANGE COUNTY, FLORIDA

LIVIA SAOUD PORTELLA DA SILVA,        CASE NO.: _____

     Plaintiff,
vs.

SIXT RENT A CAR, LLC.,
A Florida Limited Liability Company,


     Defendant(s).
_____/

## COMPLAINT

COMES NOW, The Plaintiff, LIVIA SAOUD PORTELLA DA SILVA ("Plaintiff"), by and through the undersigned counsel, and Pursuant to Rule 1.040, Florida Rules of Civil Procedure, hereby files this Civil Action against the Defendant, SIXT RENT A CAR LLC, (hereinafter "Defendant" or "employer"); Plaintiff states the following in support thereof:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000), exclusive of attorney's fees, interest and costs; for Defendant's breach of agreement, *quantum meruit*, civil theft, unjust enrichment, and unpaid wages pursuant to the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"), to redress injuries resulting from Defendant's unlawful conduct, to obtain relief as an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs, and therefore, this action is within the jurisdiction of this Court.[1]

---

[1] Plaintiff reserves the right to Amend this Complaint and any pleadings hereafter to include any and all claims presently pending at the U.S. Equal Employment Opportunity Commission (Charge No.: 510-2022-01253)

1

2. Plaintiff was and continues to be a resident of Orange County, Florida; and was an employee of Defendant, performing duties as qualified personnel for the Defendant, within a company operated business facility, located in Orange County, Florida.

3. Defendant is a Limited Liability Corporation, duly authorized to conduct business in the State of Florida and Orlando, Florida.

4. Venue is proper in Orange County, Florida, pursuant to Fla. Stat. Section 47.011 and Section 47.051, because all of the actions complained of herein occurred within the jurisdiction of the Ninth Judicial Circuit, In and for Orange County, Florida.

5. This Court has jurisdiction over this matter as a general matter over which this Tribunal has jurisdiction.

6. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS**

7. Plaintiff started working for Defendant as a Rental Sales Agent on or about June 1, 2018.

8. Plaintiff's Supervisors were Reginald Morris and Gina Valenzuela.

9. Plaintiff was paid at a rate of $11.00 per hour plus guaranteed commission and worked full-time.

10. Beginning in or around December of 2019 Sixt Rent a Car LLC. began unfair employment practices that made it extremely difficult for Plaintiff to be paid.

11. Employees were arbitrarily graded based on surveys completed by Defendant's customers. If an employee did not receive a perfect five out of five-star rating, Defendant would decrease employees weekly commission at a rate of approximately twenty (20) percent.

12. Plaintiff complained to her supervisors about the unjust employment practices stating that the grades were often based on the cars a customer was given as a rental and not the agent's job performance.

13. On or about August 23, 2021, Plaintiff's supervisor Reginald Morris confronted Plaintiff and asserted that Plaintiff was changing customer emails so that customers would not receive the email that allowed them to fill out the employee performance survey.

14. Plaintiff served approximately 800 customers a month, of which only 23 had their emails entered incorrectly.

15. Therefore, the error rate was minimal as incorrect emails accounted for approximately one (1) percent of the total emails entered. Meaning ninety-nine (99) percent of customer emails were entered correctly. The incorrectly entered emails were simply clerical errors and well within the expected margin of human error.

16. Plaintiff told her supervisors about the clerical errors through email multiple times in June and July of 2021.

17. Ultimately, Defendant falsely accused Plaintiff of incorrectly entering the emails as a pretext to avoid paying Plaintiff commission and to constructively discharge Plaintiff.

18. On or about August 24, 2021, Plaintiff was terminated.

19. A similarly situated employee, Lila, was allowed to keep her employment with the company despite having undergone the same accusations and procedure.

20. Defendant has refused to compensate Plaintiff for upwards of eighteen-thousand dollars ($18,000) that Plaintiff earned in hourly wages and commission during her employment with Defendant.

21. Throughout Plaintiff's employment, Plaintiff has always performed the essential functions of her job duties and responsibilities in an exemplary fashion and in satisfactory and above satisfactory levels.

22. Any reason proffered by Defendant for the adverse employment actions is mere pretext for unlawful discrimination.

## COUNT I – BREACH OF CONTRACT

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

24. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked and bonuses agreed upon in violation of the laws of the United States and the State of Florida.

25. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

**WHEREFORE**, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II- QUANTUM MERUIT

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

27. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

28. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

29. Defendant accepted Plaintiff's services to Defendant.

30. Defendant retains an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked and bonuses agreed upon in violation of the laws of the United States and the State of Florida.

31. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

   **WHEREFORE**, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III – UNJUST ENRICHMENT

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

33. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

34. Defendant has knowledge of the services performed and provided by Plaintiff.

35. Defendant voluntarily accepted the services performed and provided by Plaintiff.

36. Defendant unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked and bonuses agreed upon in violation of the laws of the United States and the State of Florida.

37. Plaintiff seeks damages for the value of the work performed to Defendant.

   **WHEREFORE**, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IV- FLSA UNPAID WAGES VIOLATION

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as is set out in full herein.

39. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage, commission, and/or overtime compensation, as well as additional amount as liquidated damages, costs and reasonable attorney's fees under the Fair Labor Standards Act 29 U.S.C. §§ 201-219.

40. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

41. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

42. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities

involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

43. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant: Adjudge and decree that Defendant has violated the FLSA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff' rights; Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and Award Plaintiff an equal amount in double damages/liquidated damages; and Award Plaintiff the costs of this action, together with a reasonable attorney fees; and Grant such additional relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated this 8th day of February, 2021

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Tel. (305) 416-5000
E-Mail: agp@rgpattorneys.com
mhorowitz@rgpattorneys.com
Jcosta@rgpattorneys.com

/s/   Jorge L. Costa
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 0533637
Max L. Horowitz, Esq.
Florida Bar Number: 118269
Jorge L. Costa, Esq.
Florida Bar No.: 1031513

7